(68 Misc. Rep. 65.)

In re SIMMONS et al.

(Supreme Court, Special Term, Ulster County. June, 1910.)

EMINENT DOMAIN (§ 202*)—VALUE OF LAND—EVIDENCE—PREVIOUS OFFERS TO SELL.

In a proceeding under Laws 1905, c. 724, and acts amendatory thereof, by the board of water supply of New York City to acquire lands for additional water supply, it was proper to show the price at which an owner had authorized real estate agents to sell, she being entitled to explain her reasons for desiring to sell at that price; but the price at which a former owner now dead agreed to sell is not admissible against the present owner.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 541; Dec. Dig. § 202.*]

Application by J. Edward Simmons and others, as the Board of Water Supply of the City of New York, to acquire lands in the town of Olive, Ulster county, for the city, under Laws 1905, c. 724, and acts amendatory thereof. On motion to confirm a report of the commissioners. Report partly confirmed.

Francis Key Pendleton, Corporation Counsel.
John J. Linson, Special Counsel, Arthur A. Brown, A. T. Clearwater, John G. Van Etten, Milton O. Auchmoody, and Palmer Canfield, Jr. (Harrison T. Slosson, of counsel), for certain parties interested.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BETTS, J.  This matter comes on before me on a motion for the confirmation of the second separate report of the commissioners heretofore appointed.

Objection is made upon the part of the corporation counsel of the city of New York to the award of $20,000 to Mary Caroline Hover on parcel 170, containing about 70 acres of land, on the ground that the award is excessive, and that errors were made in the rejection of testimony by the commissioners; exception being duly taken thereto. It appears that a comparatively short time prior to the filing of the oath of the commissioners herein the owner Mary Caroline Hover had placed the property in question in the hands of certain real estate agents for sale, and had announced to them a selling price for the same; that is, a price at which she would dispose of her property to any purchaser who might appear and was willing to purchase the property at her figure.  She was asked the amount of this price, and upon objection by her attorney the evidence was excluded by the commission, to which the corporation counsel duly excepted.  This evidence was clearly competent and admissible.  2 Lewis on Eminent Domain (2d Ed.) § 446, p. 970; Randolph on Eminent Domain, § 235, p. 217; East Brandywine, etc., Railroad Company v. Ranck, 78 Pa. 454, 457; Mifflin Bridge Co. v. Juniata Co., 144 Pa. 365, 375, 22 Atl. 896, 13 L. R. A. 431; Mills on Eminent Domain (2d Ed.) § 172; Patch v. Boston, 146 Mass. 52–56–57, 14 N. E. 770, 772; Manning v. Lowell, 173 Mass. 100–103, 53 N. E. 160; 10 Am. & Eng. Ency. of Law (2d Ed.) p. 1154. The price which this owner gave to this real estate agent or firm of real estate agents was an admission on her part as to what she considered her premises worth at that time, and is clearly competent as against her.  It was an asking price, not a selling price, and hence, perhaps, would not be assumed to be the lowest price that the owner would take for the property.  In any event, it would show the estimate that the owner placed upon the property at the time.  Of course, with this evidence might be given any explanation that the owner desires to make as to her reasons for selling at that time or as to the condition that the property might have been in at that time, but it is competent evidence that the city of New York is entitled to have it before these commissioners for its effect upon them and also to use in the Appellate Courts if an appeal is desired by the city of New York on the ground of an excessive award.  Confirmation of this parcel is refused, and the same is returned to the same commission to proceed according to the law as here laid down.

In parcel 176, Hover and Boice, claimants, among other objections made by the corporation counsel to the confirmation of the award is that some time before its appropriation by the city of New York the then owner made a contract of sale which was never carried out, and that the offer to prove the consideration of this contract of sale or the agreed price therein was refused by the commission.  That presents a different case from parcel 170.  It appears in evidence that the party who was the then owner is now dead.  He is not here now to give his version of the transaction.  The contract itself has been lost.  It does not appear that there would be any way for the present owner to contradict the evidence of the proposed witness' recollection as to the

transaction, nor would the present owner be in any way bound by the value placed on the property by a former owner. There might have been expected benefits to the then owner that the present owner would not be cognizant of. The consideration for an actual sale of the property would be competent, but the consideration for a proposed sale not carried into effect is not competent.

Report as to this parcel is confirmed, as is the entire report, except as to parcel 170.